UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD RAY MOBERLY, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:17-CV-913-JD-MGG |
| WEXFORD MEDICAL, et al., | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Donald Ray Moberly, a prisoner without a lawyer, is an inmate at the Westville Correctional Facility (Westville). He has filed a complaint under 42 U.S.C. § 1983 against Wexford Medical and two physicians. (ECF 1.) "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Moberly alleges that, on September 24, 2017, his medication for pain and post-traumatic stress disorder (PTSD) was discontinued after a Westville correctional officer reported that Moberly misused his medication. Moberly attempted to talk to Dr. Liau and Dr. Eichman, but they ignored Moberly and told him that he needed to wait until his 90-day appointment at the chronic care clinic. As a result of not having his prescription medication, Moberly has experienced withdrawal symptoms, including the inability to sleep, pain, and mental distress. Moberly seeks injunctive relief in the form of medication for pain and PTSD, and money damages.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Although light on details, the complaint suggests that Dr. Liau and Dr. Eichman knew that Moberly needed medication for pain and PTSD but refused to provide it to him. While Dr. Liau and Dr. Eichman may be able to show that they were justified in not providing Moberly with medication, Moberly adequately states an Eighth Amendment claim of deliberate indifference against them.

Moberly is also suing Wexford Medical. Because there is no *respondeat superior* liability under 42 U.S.C. § 1983, Wexford Medical cannot be held liable simply because it provides medical care at the prison or because it employs Dr. Liau and Dr. Eichman. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Moberly offers no other details about Wexford Medical's involvement with his claim. Accordingly, Wexford Medical is dismissed.

For these reasons, the court:

(1) **GRANTS** Donald Ray Moberly leave to proceed on a claim against Dr. Liau and Dr. Eichman in their individual capacities for money damages for denying him medication in violation of the Eighth Amendment;

(2) **GRANTS** Donald Ray Moberly leave to proceed against Dr. Liau and Dr. Eichman on an injunctive relief claim to obtain medication, as required by the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Wexford Medical;

(5) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Dr. Liau and Dr. Eichman at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Liau and Dr. Eichman respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Donald Ray Moberly has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: December 6, 2017

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court